UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C.H., A MINOR, BY AND THROUGH HER PARENTS R.H. AND K.R.H., <br><br>Plaintiff,<br><br>vs.<br><br>NORTHSHORE SCHOOL DISTRICT,<br><br>Defendant. | Case No.: <br><br>COMPLAINT FOR JUDICIAL REVIEW AND RECOVERY OF ATTORNEYS' FEES |

    C.H. ("Plaintiff") is a fifteen-year-old tenth grader with disabilities including Persistent Depressive Disorder with Intermittent Major Depressive Episodes, Severe; Generalized Anxiety Disorder; Unspecified Trauma-Related Disorder; Unspecified Impulse-Control Disorder; Emerging Borderline and Dependent Personality Features; and Unspecified Feeding or Eating Disorder.  The Northshore School District ("Defendant") is required to provide Plaintiff with a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act, as amended ("IDEA") and its federal and state implementing regulations.  C.H.'s parents, R.H. and K.H., filed a due process hearing request against the Defendant alleging a denial of a FAPE.

1 of 8 | COMPLAINT FOR JUDICIAL REVIEW
AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

A due process hearing was held on April 20 through 23, and April 26, 2021, before Administrative Law Judge ("ALJ") Pamela Meotti. ALJ Meotti issued Findings of Fact, Conclusions of Law, and a Final Order on July 7, 2021, concluding that the Defendant did not deny the Student a free appropriate public education and denied the Parents' requested remedies.

Under the IDEA, a complaint may be brought in a District Court of the United States that has personal jurisdiction over the parties without regard to the amount in controversy. The State of Washington is to provide the Court with the records of the administrative proceedings and the court hears additional evidence at the request of a party. 20 U.S.C. § 1415(i)(2)(C)(I) & (II), 34 C.F.R. §300.516(c)(1) & (2), and WAC 392-172A-05115(3)(a) & (b).

Additionally, as the prevailing parties in the underlying administrative proceeding, the Parents are entitled to, and request, an award of reasonable attorneys' fees under 20 U.S.C. §1415(i)(3)(B).

## I    PARTIES

1.1   Plaintiff resides and has resided at all times relevant to this action within the District's boundaries in Bothell, Washington.

1.2   The Defendant is a first-class school district organized under the laws of the State of Washington located in Bothell, Washington.

## II    JURISDICTION

2.1   Plaintiff's claims arise under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400 et. seq.; 28 U.S.C. §§ 2201 and 2202; and the state Education for All Act ("State Act") Chapter 28A.13 RCW; and the regulations promulgated thereunder.

2.2   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1342; 20 U.S.C. § 1415(i)(2)(A); and, as to the state claims, pursuant to pendent jurisdiction.

///

2 of 8 | COMPLAINT FOR JUDICIAL REVIEW
AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

2.3    This Court has jurisdiction over Plaintiff's petition for attorney's fees pursuant to U.S.C. § 1415(i)(3).

### III   ALLEGATIONS

3.1    The IDEA and its implementing regulation, 34 C.F.R. Part 300, and the State Act and its implementing regulations, Washington Administrative Code Chapter 392-172A, entitle all students between the age of three and 21 with disabilities access to a free appropriate public education.

3.2    The Defendant has received and is receiving federal and state funds under the IDEA and the State Act.  These federal funds are received by the Defendant for the purpose of providing each disabled child within its boundaries with a free appropriate public education.

3.3    Plaintiff has been diagnosed with multiple disabilities including Persistent Depressive Disorder with Intermittent Major Depressive Episodes, Severe; Generalized Anxiety Disorder; Unspecified Trauma-Related Disorder; Unspecified Impulse-Control Disorder; Emerging Borderline and Dependent Personality Features; and Unspecified Feeding or Eating Disorder.  Plaintiff's disabilities manifested in extreme emotional dysregulation that resulted in high-risk behaviors culminating in a suicide attempt.

3.4    At all relevant times, Plaintiff was eligible for services under the IDEA through the Defendant.

3.5    The Parents have accrued and continue to accrue attorney fees and costs in their attempt to secure payment through the filing of the action and in their appeal.

### IV   FIRST CAUSE OF ACTION

**The ALJ should not have discounted the Child Find denial.**

4.1    The factual allegations set forth in the above paragraphs are incorporated by reference.

///

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

4.2     The Individuals with Disabilities Education Act (IDEA) includes a Child Find mandate that requires all children with disabilities residing in the State, regardless of the severity of their disabilities, who are in need of special education and related services, be identified, located, and evaluated, even though they are advancing from grade to grade.  20 U.S.C. § 1412 (a)(3); 34 CFR 300.111(c).

4.3     Washington State law requires school districts within the state to conduct child find activities calculated to reach all students with a suspected disability for the purpose of locating, evaluating, and identifying students who are in need of special education and related services, regardless of the severity of their disability.  WAC 392-172A-02040.

4.4     The ALJ erred in applying the IDEA Child Find regulations.  The ALJ stated: "In this case, even if the Student had been referred for an evaluation *on January 21, 2020*, it is unlikely she would have been found eligible for special education services *at that time*." Conclusion of law 24 (emphasis added).

4.5     January 21, 2020 is the wrong point in time to judge the Defendant's fulfillment of its Child Find duties.  The correct point in time, according to the Washington IDEA regulations, is 60 school days after January 21, 2020. That is because the regulations provide 25 school days *after* the referral date for a school district to decide *whether* to commence an evaluation. WAC 392-172A-03005(2)(c)**.**  Then the regulations provide an additional 35 school days *after* the decision to commence an evaluation and *after* obtaining the parents' written consent for the school district to *complete* the evaluation. WAC 392-172A-03005(3). That adds up to 60 school days beyond January 21, 2020.  Sixty school days after January 21, 2020 was May 1, 2020.

4.6     In this particular case the Defendant finally initiated an evaluation on September 14, 2020 and finished it 57 school days later on December 7, 2020, well beyond the 35 school days allowed for completing evaluations,

4 of 8 | COMPLAINT FOR JUDICIAL REVIEW
AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

4.7     But by May 1, 2020, *many* more facts about the Plaintiff's disabilities and their adverse educational impact were known to the Defendant than were known as of January 21, 2020. These facts included: the student was cutting herself at school, suffered from depression, believed she had been sexually assaulted, was receiving counseling, displayed suicidal ideation at school, engaged in substance abuse, left the school campus during the day to engage in high-risk behaviors, sexted and sent nude photographs of herself to people she knew and to strangers. Special education evaluations must consider not just facts known on the initial date of referral. Rather, all facts that arise during the evaluation period must be considered.

4.8     The ALJ erred in applying the Washington IDEA regulations by shutting off the Defendant's Child Find duties as of the date of the initial evaluation.  It is as if the ALJ found the Defendant completed its Child Find duties by merely *identifying* Plaintiff for an evaluation.  However, the Child Find duties include not just locating and identifying students, but also *evaluating* them.  The IDEA requires that all children with disabilities residing in the State . . . regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated . . . .  20 U.S.C. § 1412 (a)(3).

4.9     Child Find duties are not complete until an evaluation is complete.  All of the facts listed above -- which would have become known to the Defendant from January 21, 2020 through May 1, 2020 -- should have been considered by the ALJ in deciding whether the Defendant complied with its legal duties under Child Find.  The Defendant clearly did not comply with those duties once the regulations' timelines are properly applied and, notably, found her eligible after the fact.

4.10    The Defendant failed in its Child Find obligations with Plaintiff.

4.11    The Defendant engaged in procedural violations of the IDEA Child Find mandate that acted to deprive Plaintiff of being identified and evaluated as a student with disabilities.

4.12    The Defendant violated the IDEA Child Find mandate, 20 U.S.C. § 1412 (a)(3).

5 of 8 | COMPLAINT FOR JUDICIAL REVIEW
AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

4.13  The Defendant violated WAC 392-172A-02040.

## V  SECOND CAUSE OF ACTION

**The Program offered by Defendant was not sufficient.**

5.1  The factual allegations set forth in the above paragraphs are incorporated by reference.

5.2  The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, requires that school districts provide students with a free appropriate public education including specially designed instruction and related services, designed to meet their unique needs.

5.3  Washington State law requires school districts within the state to provide to all eligible students within their boundaries, i.e. every special education student between the age of three and twenty-one, with a free, appropriate, public education.  WAC 392-172A-02000. A school district in the State of Washington has an obligation to provide appropriate educational services to meet the needs of a student who has a disability separate and apart from its obligation to provide a free appropriate public education under federal law.

5.4  The placement offered by the Defendant was for one-to-one instruction of Plaintiff at Dartmoor with only one hour per week of mental health support.

5.5  The Dartmoor placement failed to provide enough social-emotional support to address the severity of Plaintiff's behaviors and problematic peer relationships.

5.6  The Dartmoor placement offered no interaction with peers.  Peers are only seen in passing between classes, which is only five to ten minutes.  This placement is highly restrictive and provides Plaintiff with no opportunity for peer interactions or structured social skills support.

5.7  The IDEA and Washington State law require students with disabilities be educated in the least restrictive environment, to the maximum extent appropriate, with children who are not disabled, and the removal of students with disabilities from the regular education environment only occurs when the nature or severity of the disability of a student is such that

6 of 8 | COMPLAINT FOR JUDICIAL REVIEW
AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

education in regular classes with the use of supplementary aids cannot be achieved satisfactorily. 20 U.S.C. § 1412(a)(5), 34 CFR § 300.114, WAC 392-172A-02050.

5.8　Turning Winds, a residential facility with 24-hour care, is an appropriate placement capable of meeting Plaintiff's educational, behavioral, and mental health needs, while still providing regular access to peers in a structure environment.

5.9　When a student requires a residential placement in order to receive special education and related services as part of the individualized education plan, the IDEA requires a district to pay for reasonable, non-medical expenses, including room and board, associated with that placement. 34 C.F.R. § 300.104; *Florence County Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993).

*5.10*　Parents are entitled to reimbursement of private school expenses if a federal court concludes both that the public placement violated the IDEA and that the private school placement was proper under the Act. *Florence County Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993).

5.11　School districts have previously been held responsible for paying the tuition for private residential treatment centers, such as Turning Winds, when a school district cannot provide an appropriate program in the least restrictive environment for a student with a disability. *Jefferson County School Dist. R-1 v. Elizabeth E. ex rel. Roxanne B.*, 798 F. Supp. 2d 1177 (D. Colo. 2011), aff'd, 702 F.3d 1227 (10th Cir. 2012).

5.12　The Defendant failed to provide a free and appropriate public education to Plaintiff.

5.13　The Defendant engaged in procedural violations of the IDEA that acted to deprive the Plaintiff of a free appropriate public education.

5.14　The Defendant violated the IDEA, 20 U.S.C. § 1400 *et seq.*, and the federal regulations promulgated thereunder.

7 of 8 | COMPLAINT FOR JUDICIAL REVIEW
AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

5.15 The Defendant violated Chapter 28A.13 RCW and WAC Chapter 392-172A.

## VI    REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

6.1 Assume jurisdiction of this action, receive the records of the administrative proceedings and hear additional evidence at the request of either party.

6.2 Enter a declaratory judgment that the Defendant has denied Plaintiff a free appropriate public education under the IDEA and state law;

6.3 Reverse the erroneous findings and conclusions from the administrative proceeding;

6.4 Order the Defendant to provide compensatory education to the Plaintiff as a remedy for the Defendant's failure to provide Plaintiff a FAPE;

6.5 Award Plaintiff's Parents with their costs and reasonable attorney fees for the administrative proceeding, and any additional fees incurred pursuing this appeal (including costs for redaction of the administrative record if not done by the Office of the Superintendent of Public Instruction), and this action to enforce her rights to a fee award, pursuant to 20 U.S.C. § 1415(i)(3)(B) and WAC 391-172A-05120; and

6.6 Any and all other relief as the Court may deem just and equitable.

Dated this 4th day of October, 2021.

s/ Lara Hruska                                                         s/ Whitney Hill

_____                          _____
Lara Hruska, WSBA No. 46531                              Whitney Hill, WSBA No. 53715
Cedar Law PLLC                                                        Cedar Law PLLC
113 Cherry Street, PMB 96563                                113 Cherry Street, PMB 96563
Seattle, WA 98104-2205                                           Seattle, WA 98104-2205
lara@cedarlawpllc.com                                            whitney@cedarlawpllc.com
Attorney for Plaintiff                                                 Attorney for Plaintiff

8 of 8 | COMPLAINT FOR JUDICIAL REVIEW AND RECOVERY OF ATTORNEYS' FEES

**Cedar Law PLLC**
113 Cherry St., PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)